### No. 4713.

### CITIZENS' BANK OF LOUISIANA *v.* MRS. JOSEPH DEYNOODT AND HUSBAND.

The statute of 1873 declaring that the amount of the contribution due by the stockholders of a bank shall be recoverable by summary process, as in case of a confession of judgment, is not in violation either of the State constitution or of the federal one.

The statute provides a remedy for the more speedy enforcement of an obligation. It does not affect in any manner the obligation of the contract, nor is it retroactive; it provides only for the future.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *A. Pitot*, for plaintiff and appellee. *Clarke, Bayne & Renshaw*, for defendants and appellants.

LUDELING, C. J. This is an appeal from an order of seizure and sale. The only question for decision is, necessarily, whether or not the evidence upon which the judge acted was sufficient to authorize the fiat.

The charter of the plaintiffs and the amendments thereto, together with the original act of mortgage for the amount of defendants' stock, executed by Forstall, and the assumption of the liabilities attached to the stock by the intermediate vendees, and the act executed by the defendants themselves are in evidence. The mortgages are given to

secure the prompt payment of the interests, as they accrue, as well as the principal of the bonds.

In addition to the foregoing evidence is a properly certified copy of the resolution of the Board of Directors, calling upon the stockholders for a contribution to meet the interest to accrue in August on the bonds of the State.

The statute of 1873 provides that the amount of the contribution shall be recoverable by summary process, as in case of a confession of judgment.

We think, therefore, that the evidence authorized the fiat, unless there be some prohibition in the State constitution or in the constitution of the United States forbidding this, and we are of the opinion that no such prohibition exists.

The statute provides a remedy for the more speedy enforcement of an obligation. It does not affect in any manner the obligation of the contract, nor is it retroactive; it provides only for the future.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.